UNITED SHOE REPAIRING MACHINE CO. *v.* KOWALSKY.

REPLEVIN—WHERE PLAINTIFF NONSUITED BECAUSE OF IRREGULARITY DEFENDANT ENTITLED TO RETURN OF PROPERTY AND ALSO DAMAGES. Where plaintiff in replevin submitted to nonsuit because its affidavit had not been sworn to, defendant was entitled, under 3 Comp. Laws 1915, § 13108, to have the property replevied returned to him and also to recover the damages sustained by him by reason of the detention of such property, and the trial court was therefore in error in refusing defendant possession of the property and awarding him only nominal damages.[1]

Error to Wayne; Cross (Orien S.), J., presiding. Submitted October 15, 1924. (Docket No. 20.) Decided December 10, 1924.

Replevin by the United Shoe Repairing Machine

---

[1] Replevin, 34 Cyc. p. 1510.

Company against Esidore Kowalsky for the possession of certain machinery.   Judgment for defendant for nominal damages only.   He brings error.   Reversed and judgment ordered for defendant.

*Samuel Shapero* and *Harold M. Shapero,* for appellant.

*Oscar A. Kaufman,* for appellee.

BIRD, J.   Plaintiff seized, on a writ of replevin, certain shoe repairing machinery which it had leased to defendant.   A statutory bond was executed and delivered to the sheriff and plaintiff took the machinery into its possession.   Upon the trial plaintiff contended that defendant had violated certain conditions of the lease and, therefore, it was entitled to the possession thereof.   Defendant denied that he had violated any of the conditions, and insisted that he was entitled to the possession of the machinery.   It developed upon the trial that the replevin affidavit had never been sworn to, and the trial court intimated that this failure was probably fatal to plaintiff's case.   Plaintiff, acting upon this suggestion, asked for and obtained permission to submit to a nonsuit.   Defendant then demanded a return of the property and asked permission to make proof of his damages for the detention of the machinery.   Defendant attempted, before and after judgment, to obtain a judgment for the return of the property and an opportunity to have his damages assessed.   These attempts failed, and the court entered the following final order:

"This cause having come on to be heard before the court and a jury, and after plaintiff's testimony had been heard, it appearing that the affidavit in said cause was not sworn to by the plaintiff or its duly authorized agent, and the plaintiff having submitted to a nonsuit, but it further appearing that the said plaintiff was

entitled to the possession of the machinery set forth in the writ, and the same having been duly delivered to it under the writ, and that the defendant was in default under the lease which he held the said machinery, and was not entitled to possession thereof, and consequently is not entitled to the return of said machinery and only nominal damages, it is therefore considered that the said defendant recover only nominal damages of six cents and costs to be taxed, judgment for which is hereby entered, and that the said defendant have execution thereof."

We are of the opinion that defendant was right in his contention as it appears he asked for nothing more than the statute gives him when plaintiff submits to a nonsuit. The statute in such case provides:

"If the property specified in the writ shall have been delivered to the plaintiff, and the defendant recover judgment by discontinuance or nonsuit, such judgment shall be, that the defendant have return of the goods and chattels replevied, unless he shall elect to waive such return as hereinafter provided; and also that he recover the damages sustained by him by reason of the detention of such goods and chattels, which damages shall be assessed by a jury in the proper court." 3 Comp. Laws 1915, § 13108.

There does not appear to be much room for discussion over the applicability of the statute. It is conceded that plaintiff submitted to a nonsuit. The statute quoted provides just what shall be done under such circumstances. But counsel undertakes to set up an exception to the statute by claiming that when the nonsuit results from a mere irregularity in the practice, and not from the merits, the statute does not apply. The statute makes no exceptions and we have no power to do so. At the close of plaintiff's case there were two courses open to it, to submit to a nonsuit, or suffer a judgment to be directed against it. It chose the former method, and now it must take the consequences imposed by the statute. To hold otherwise would be to say, in substance, that one

could seriously interfere with property rights of another with void process and fare as well as he could with valid process.

The judgment entered in the trial court will be vacated and one entered therein giving defendant a judgment for the return of the machinery, and provide a reasonable opportunity to have his damages assessed. The defendant will recover his costs in both courts.

CLARK, C. J., and MCDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.