### SECOND NATIONAL BANK & TRUST CO. *v.* WAYNE CIRCUIT JUDGE.

1. COURTS—PROBATE COURT—FEDERAL COURT—JUDGMENT—JURISDICTION.

    An order in the supplemental decree of the Federal court to which petition of testamentary trustee for construction of the will had been removed because of diversity of citizenship, specifically requiring the trustee to submit its statement of expenses for allowance on final account by probate court of county in which the estate was being administered and for distribution of the property in such manner as the probate court saw fit to make, constituted recognition that such probate court was a proper forum to have jurisdiction of final accounting of the trustee.

2. JUDGMENT—PROBATE COURT—FEDERAL COURT—JURISDICTION.

    An adjudication of a probate court that it could not order something done by a trustee contrary to unperformed provisions of a Federal court judgment was not an adjudication that the probate court could not hear other accounts of the trustee.

3. ESTATES OF DECEDENTS—PROBATE COURTS—JURISDICTION.

    Probate courts have exclusive jurisdiction of all matters relative to the settlement of estates of deceased persons except in cases where its remedies are inadequate.

---

REFERENCES FOR POINTS IN HEADNOTES
[3, 6, 11] 14 Am. Jur., Courts, § 8.
[4, 5] 19 Am. Jur., Equity, §§ 172, 173.
[9] 1 Am. Jur., Abatement, Survival, and Revival, §§ 14, 15.
[10–13] 14 Am. Jur., Courts, §§ 245, 246.
[12–14] 42 Am. Jur., Prohibition, §§ 19, 20.
[12–14] Writ of prohibition. 77 A.L.R. 245.
(28)

4. EQUITY—JURISDICTION—ACCOUNTING—PROBATE COURTS.

The rules which give chancery courts jurisdiction in matters of accounting as against courts of law are not applicable to the probate courts.

5. SAME—JURISDICTION—SPECIAL COURTS.

Generally courts of equity will not interfere with the proceedings of courts of special and peculiar jurisdiction created for particular purposes or with special and peculiar powers.

6. SAME—TRUSTEE'S ACCOUNT—JURISDICTION—PROBATE COURT.

Having assumed jurisdiction of an estate by admitting to probate the will of a decedent, the probate court does not lose jurisdiction until the estate is finally closed and no other court save an appellate court should proceed further with a suit against a trustee for an accounting after the priority of jurisdiction has been brought to its attention.

7. JUDGMENT—RES JUDICATA—JURISDICTION.

The principles of *res judicata* apply to questions of jurisdiction of the subject matter or parties as well as to other matters.

8. COURTS—PROBATE COURT—APPEAL—CIRCUIT COURT.

The remedy for an unfavorable judgment in a probate court is by appeal to the circuit court of the same county (Act No. 288, chap. 1, § 36, Pub. Acts 1939, as amended by Act No. 176, Pub. Acts 1941).

9. ABATEMENT AND REVIVAL—JURISDICTION—PENDENCY OF ACTION IN ANOTHER COURT.

Where there is another action pending between the parties for the same cause and such pendency is brought to the attention of the second court, the latter may not proceed further.

10. COURTS—JURISDICTION.

Courts are bound to take notice of the limits of their authority and should, on their own motion, though the question is not raised by pleadings or counsel, recognize lack of jurisdiction and stay proceedings, dismiss the action, or otherwise dispose thereof at any stage of the proceeding.

11. SAME—JURISDICTION—PROBATE COURT—CIRCUIT COURT OF ANOTHER COUNTY.

Where a probate court had assumed jurisdiction over matters upon which it had power to act, the circuit court of another county was without jurisdiction to hear and determine such matters.

12. PROHIBITION—COURTS—JURISDICTION.

   The writ of prohibition is the appropriate remedy only where the court is acting entirely without jurisdiction or in clear excess of its jurisdiction.

13. SAME—PROBATE COURT—CIRCUIT COURT OF ANOTHER COUNTY— JURISDICTION.

   Where Wayne circuit court entertained bill of complaint by legatee against trustee, acting under appointment of Saginaw probate court, relative to distribution of trust estate assets, payment of fees and expenses, and final account, and an appeal was taken from order of probate court to Saginaw circuit court, issuance of a writ of prohibition was proper to stop proceeding in Wayne circuit court as it had no jurisdiction in the matter (Act No. 288, chap. 1, § 36, Pub. Acts 1939, as amended by Act No. 176, Pub. Acts 1941).

14. COSTS—PROHIBITION—JURISDICTION.

   Where circuit court was without jurisdiction, hence, in error in entertaining bill of complaint against trustee acting under appointment from probate judge in another county, no costs are allowed upon issuance of writ of prohibition to stop suit in circuit court.

Petition by Second National Bank & Trust Co., of Saginaw, Michigan, a national banking corporation, individually and as trustee under the 9th and 10th paragraphs of the will of Arthur D. Eddy, deceased, for writ of prohibition directed to Guy A. Miller, Wayne Circuit Judge, restraining any further proceedings in a suit in chancery. Submitted January 13, 1948. (Calendar No. 43,812.) Writ granted April 6, 1948. Rehearing denied May 18, 1948.

*Thomas G. Long* and *William C. O'Keefe,* for plaintiff.

*William Alfred Lucking,* for defendant.

SHARPE, J. Plaintiff, the Second National Bank & Trust Company of Saginaw, Michigan, a national banking corporation, individually and as trustee under the 9th and 10th paragraphs of the will of

Arthur D. Eddy, deceased, filed a petition in this Court for a writ of prohibition to restrain defendant Guy A. Miller, a circuit judge in Wayne county, from further acting or proceeding in a suit filed against plaintiff and others, and to require the said Judge Guy A. Miller to vacate an injunction issued in said chancery suit.

For a clearer understanding of the issues involved, it is deemed necessary to relate the following facts: Arthur D. Eddy, a resident of Saginaw, Michigan, died testate in 1925. The principal asset of his estate consisted of the capital stock of C. K. Eddy & Sons, valued at the time of his death at more than $3,000,000.

In his will he bequeathed certificates representing one third of the capital stock of C. K. Eddy & Sons to Charlotte H. Eddy, his wife, now Charlotte Eddy Morgan, those representing another one third to the trustees under paragraph 9 of the will, and those representing the remaining one third to the trustees under paragraph 10 of the will. The Second National Bank of Saginaw and George L. Humphrey were appointed trustees of these trusts.

In June, 1934, the trustee under paragraphs 9 and 10 of the will filed a bill in the circuit court of Saginaw county in chancery against Lila Eddy Doebler, a life beneficiary under the trust created in paragraph 9, Cynthia Mills Cleveland, remainderman, Richard Cleveland, the latter's son, and any other issue of Mrs. Cleveland surviving Mrs. Doebler for a construction of the will so that the trustee could properly allocate moneys received. Upon petition of Mrs. Cleveland showing diversity of citizenship, the case was removed to the United States district court for the eastern district of Michigan, northern division. Mrs. Cleveland filed an answer and cross-bill in which she asked for a judicial determination that she be entitled to one sixth of the assets of the

corporation and not of the shares of stock belonging to the estate. After the taking of testimony at the hearing of the main case involving the construction of the will, the trial judge held that the corporate form was not used as a sham or a fraud, but that the corporation was a valid, existing corporation, and that the trust created by paragraph 9 of the will consisted of its share in the capital stock of the corporation, not in the corporate assets. The cross bill was dismissed. Defendants and cross-plaintiffs in that case took an appeal to the United States circuit court of appeals and the judgment of the district court was affirmed, *Van Auken* v. *Second National Bank & Trust Co.* (C.C.A.), 117 Fed. (2d) 1009. A rehearing was denied. Certiorari to the United States supreme court was also denied June 2, 1941, 313 U. S. 594 (61 Sup. Ct. 1119, 85 L. Ed. 1547).

In November, 1941, Mrs. Cleveland filed a petition in the probate court of Saginaw county in which she petitioned for an order directing the trustee to turn over to her a one-sixth share in the estate. Her petition was denied on January 22, 1942.

On January 15, 1942, Mrs. Cleveland filed a bill of complaint in the circuit court of Saginaw county in chancery in which she alleged that in the first case the court did not have jurisdiction when in 1934 the trustee filed its bill of complaint seeking a construction of the will so that the trustee could allocate moneys received. She asked for an order restraining all parties to the former litigation from any and all further proceedings under the judgment rendered therein and from bringing on for hearing or allowance in, or submitting or contending for, any or all written or oral claims for counsel fees, auditors' expenses, fees or services except in the probate court. After an order to show cause had been issued and served, the chancery court issued a temporary injunction. Thereafter, the bank, as trustee under

paragraphs 9 and 10, and Mrs. Morgan, as plaintiffs, applied to the Supreme Court for writs of prohibition and mandamus for the purpose of restraining the trial judge from taking any further action in the new chancery cause. We there held that equity has inherent jurisdiction over the construction of a will, especially where there is any uncertainty over the payment of money under a legacy; and that judgments of the Federal court to which the first chancery suit for construction of trust provisions of the will and approval of trustees' account dependent upon it had been removed because of diversity of citizenship and in which it was adjudicated that the trustee had met its burden of proving the correctness of its accounts, including large sums for costs and expenses, are final and binding upon the parties thereto. For additional facts and other matters decided in that case see *Second National Bank & Trust Company of Saginaw* v. *Reid,* 304 Mich. 376.

On or about March 2, 1945, plaintiff bank, as trustee under the 9th paragraph of the will and for the purpose of winding up the administration of the trust, filed in the probate court of Saginaw county its accounts to February 20, 1945, and also filed its petition for allowance of said accounts and trustee fees and compensation. On May 8, 1945, Mrs. Cleveland filed in said probate court objections to the hearing of said petitions asserting that the probate court was without jurisdiction or power to allow or pass upon the same. The petitions above mentioned came on for hearing on November 8, 1945, at which time Mrs. Cleveland renewed her objections to the jurisdiction of said probate court to proceed with any of said matters. However, an order was entered without prejudice for distribution of the property in the hands of the trustee, except that the order authorized the trustee to retain $100,000 in government bonds "as security for any sums which said

testamentary trustee shall be finally held to be entitled to charge against or have reimbursement for out of the assets of said trust of which said Cynthia Mills Cleveland is beneficiary." On November 24, 1945, the probate court made and entered an order determining that it had jurisdiction, approving said accounts, and making allowance to plaintiff bank as trustee for fees and compensation. Subsequently, Mrs. Cleveland appealed from the order of the probate court to the circuit court of Saginaw county which appeal is now pending in that court.

On January 22, 1946, Mrs. Cleveland filed in the circuit court of Wayne county, in chancery, her bill of complaint alleging that the probate court of Saginaw county was without jurisdiction to act further in relation to the winding up of said trust; that the probate court was without jurisdiction to make any order in relation to the said sum of $100,000; and that said order made by the probate court on November 24, 1945, was void. She sought an injunction against plaintiff bank from proceeding further under said probate order of November 24, 1945, or on the appeal therefrom to the circuit court of Saginaw county.

On the filing of the bill there was granted an order to show cause why a preliminary injunction should not issue. On February 9, 1946, the bank filed its answer including a motion to dismiss the bill of complaint. The motion to dismiss attacked the jurisdiction of the Wayne county circuit court to hear and try the cause.

On February 13, 1946, an injunction order was issued which provided that the bank was to forthwith turn over to the Detroit Trust Company the $100,000 fund and enjoined the bank from proceeding further under the order of the probate court for Saginaw county entered November 24, 1945, in the matter of the estate of Arthur D. Eddy, deceased.

It also appears that the real property of C. K. Eddy & Sons consisted of lands in Saginaw, Bay and Isabella counties and was conveyed on dissolution of the corporation in a one-sixth undivided interest to the trustee under the 9th paragraph of the will. On or about August 24, 1945, the bank as trustee under the 10th paragraph of the will began a suit for partition of said lands. Mrs. Morgan. Mrs. Cleveland and the bank under paragraph 9 of the will were made defendants. On February 21, 1946, Mrs. Cleveland filed a motion to dismiss the partition suit. This motion was denied and on October 14, 1946, she filed her answer containing a motion to dismiss. Counsel for Mrs. Cleveland did not appear at the hearing of the cause and a decree was entered from which Mrs. Cleveland filed an appeal to the Supreme Court. However, at a later date she took full performance of the decree and on May 1, 1947, dismissed her appeal.

On March 17, 1947, the bank filed in the Wayne circuit court a motion for leave to amend its answer by setting up under the motion to dismiss the partition decree as *res judicata* of the issues raised in the partition suit. This motion to amend came on for hearing before Hon. Theodore J. Richter, circuit judge, and was allowed by an order entered March 28, 1947.

On May 7, 1947, counsel for the bank gave notice of hearing of the motion to dismiss set forth in the answer of the bank, but before a hearing was had Judge Miller issued an *ex parte* order citing the bank, its officers and attorney for contempt by violating its injunction order of February 13, 1946, in taking the decree in the partition suit. Thereupon, application was filed in the Supreme Court on June 23, 1947, for a writ of prohibition. On June 27, 1947, an order to show cause was issued and further

proceedings in the Wayne county circuit court stayed.

The bill filed by Mrs. Cleveland in the Wayne county suit made as a party defendant the Detroit Trust Company as agent for Mrs. Cleveland. It was therein alleged that it was the duty of the Detroit Trust Company as agent to have brought suit and not having done so Mrs. Cleveland was forced to bring suit and to ask the court to require the Detroit Trust Company to join with her in prosecuting the same and otherwise perform its duties as her agent. The Detroit Trust Company is the only party named as being a resident of Wayne county.

On September 5, 1947, the defendant, Judge Guy A. Miller, filed his answer and return to the order to show cause. He alleges that the judgment of the Federal court entered on February 7, 1939, wherein the bank was plaintiff and Mrs. Cleveland and others were the defendants, determined that Mrs. Cleveland was entitled to one sixth of the shares of stock of the C. K. Eddy & Sons and the trustee ordered to deliver them to her; that in November, 1941, Mrs. Cleveland filed a petition in the Saginaw probate court claiming that the Federal equity court had no jurisdiction to allow said trustee's final accounting and asking said probate court to deliver over her legacy; that to this petition, the bank as trustee filed an answer claiming that the Saginaw probate court had lost jurisdiction of Mrs. Cleveland's legacy and that the Federal court had complete jurisdiction over said legacy; that on January 22, 1942, the Saginaw probate court entered an order holding that it had no jurisdiction over said Cleveland legacy; that on January 15, 1942, Mrs. Cleveland filed a bill against the trustee in the Saginaw circuit court, in chancery, to test the validity of the Federal equity judgment of February 7, 1939; that thereafter the trustee applied to the Supreme Court for a writ

of prohibition; that on February 23, 1943, the Supreme Court filed its opinion holding the Federal court equity judgment of February 7, 1939, was a final testamentary accounting by said trustee and was *res judicata* and awarded trustee its costs to be taxed; that on April 20, 1943, said trustee taxed its costs at $701.13 which Mrs. Cleveland thereupon paid to the trustee; that said trustee retained in its possession $100,000 in bonds under the probate court order of November 24, 1945, which it claimed the right to use in paying trustee's attorneys and other fees; that on October 26, 1945, Mrs. Cleveland entered into a contract with the Detroit Trust Company whereby said trust company became her agent in the managing of certain properties and to collect additional personal assets belonging to her; that in December, 1945, Mrs. Cleveland demanded of said Detroit Trust Company that it bring suit against said trustee to recover possession of said $100,000; that on January 22, 1946, Mrs. Cleveland began suit against the Detroit Trust Company for its failure to bring suit as directed; that on February 13, 1946, after taking testimony in the above cause for a preliminary injunction the said defendant, Judge Guy A. Miller, entered an order requiring the trustee:

"(a) To deliver over to Cleveland's agent, Detroit Trust Company, said $100,000 of Federal bonds, the same to be retained by said agent until the final determination of this cause, and,

"(b) Determining that said probate court order of November 24, 1945, allowing said so-called trustee's counsel fees and other fees of upwards of $65,000 was without the jurisdiction of said Saginaw probate court and was void, and

"(c) Enjoining said trustee from taking any further proceedings under said probate court order of November 24, 1945, attached to this return as ex-

hibit B, or attempting to enforce the same, all until final determination of this case at bar, and,

"(d) Reserving for consideration trustee's said motion to dismiss;"

that on February 13, 1947, said trustee, notwithstanding said injunction order, entered a partition judgment in the Saginaw circuit court, in chancery, in a partition case brought by it as trustee; that said partition judgment of February 13, 1947, contained the following provisions:

"2. That the probate court for the county of Saginaw had full jurisdiction in the matter of the estate of Arthur D. Eddy, deceased, to entertain and hear the petitions of Second National Bank & Trust Company of Saginaw, as trustee of the trust under paragraph 9th of the will of said deceased for the allowance of the accounts of said trustee and for distribution, and to make and enter the orders thereon which were made and entered on November 8, 1945, and November 24, 1945, and such jurisdiction was in nowise impaired by the proceedings had or judgments or orders entered in a certain suit in the United States district court for the eastern district of Michigan, northern division, No. 540, in equity, in said court, but is recognized by the order and judgment entered in said last mentioned cause on November 30, 1943; nor is such jurisdiction of said probate court in anywise impaired by any former proceedings or orders made by said probate court in said estate.

"3. That the instant suit raises issues identical to those raised in the Wayne county circuit court, in chancery, cause No. 390,917, and is prior in point of time to said Wayne county chancery case No. 390,917, having been commenced on or about August 24, 1945, and that said Wayne county suit was not commenced until on or about January 22, 1946, and that therefore said circuit court for the county of Wayne is without jurisdiction over the matters and things alleged in said case, and this court has exclusive jurisdiction thereof;"

that in March, 1947, said trustee filed in the Wayne chancery suit a motion for judgment of *res judicata* on the ground that said partition judgment of February 13, 1947, had determined that the Saginaw probate court did have jurisdiction to enter said probate order of November 24, 1945, allowing trustee's fees and expenses totalling $67,000; and that the entry of the partition judgment on February 13, 1947, attempting to sustain the jurisdiction of the Saginaw probate court to enter said order on November 24, 1945, places upon defendant the duty to determine whether it violated the terms of defendant's restraining order of February 13, 1946.

Plaintiff urges that the probate court of Saginaw county had jurisdiction to entertain and act upon the petitions of the Second National Bank & Trust Company for approval of (a) its accounts as testamentary trustee under the 9th paragraph of the will of Arthur D. Eddy, deceased, (b) its fees and compensation as such trustee and (c) order a distribution of assets; that an appeal from the probate court to the circuit court is the exclusive remedy for review or revision of the order of the probate court.

For a proper solution of the issues involved it seems essential to determine, among other matters, the nature of and effect of the litigation in the Federal court resulting in the judgment of February 7, 1939, insofar as it affects the jurisdiction of the probate court of Saginaw county.

It should be noted that upon the petition of Mrs. Cleveland, the first cause was removed to the United States district court in which she filed an answer and cross bill. The said judgment contained the following:

"8. It is further ordered that the trustee file with this court a report of its disbursements in the above matter, together with statement of accounts of its auditors and counsel, and upon approval thereof by

this court, and prior to the turning over of any assets, that the same be paid out of the dividends due on the shares of stock eventually to be turned over to Cynthia Mills Cleveland, and said trustee under the 9th paragraph is authorized to retain said shares of stock, hold the legal title thereto, vote the same, and collect the dividends thereon until the aforesaid disbursements are paid, excepting, however, that $1,000 of said disbursements shall be paid out of the C. K. Eddy Family Memorial Fund Trust."

Following the entry of the above decree the trustee continued to file its accounts as trustee in the probate court. All of said accounts to and including the period ending June 30, 1941, were allowed by the probate court after due notice and without objection by Mrs. Cleveland. It also appears that on November 30, 1943, the Federal court entered a supplemental decree which contained the following:

"4. That the items set forth in the statement for expenses in the State courts of Michigan, including the proceedings for writ of certiorari to the United States supreme court from the Supreme Court of Michigan, be by the trustee submitted to the probate court for the county of Saginaw, under which the administration of said trust has been had, in and as a part of the final account of the trustee to said probate court on the closing of said trust, the allowance of the trustee's fees, and making distribution of the property thereof, for such action as said probate court sees fit to take.

"5. That the acts and doings of the trustee be and they are ratified, approved and confirmed, its accounts pertaining to this proceeding allowed, and the disbursements for litigation in the State courts of Michigan be referred to the probate court for the county of Saginaw."

The Federal court judgment of November 30, 1943, (affirmed on appeal to the circuit court of appeals, 6th circuit, *Cleveland* v. *Second National Bank &*

*Trust Co.,* 149 Fed. [2d] 466) approved certain items
of expense incurred by the trustee in the State courts
of Michigan including the proceedings for writ of
certiorari and directed that these items of expense
including the allowance of trustee's fees as well as
the making of distribution of property be submitted
to the probate court of Saginaw county for such ac-
tion as the probate court might see fit to take. The
decree was a recognition of the fact that the probate
court of Saginaw county was a proper forum to have
jurisdiction of final accounting of the trustee.

It is urged that the Saginaw county probate court
by its order of January 22, 1942, adjudged that it no
longer had jurisdiction over Cleveland's legacy; and
that jurisdiction was solely in the Federal court. It
appears that after the Federal court judgment of
February 7, 1939, had been affirmed on appeal by the
United States circuit court of appeals on February
14, 1941, and certiorari denied by the United States
supreme court on June 2, 1941, Mrs. Cleveland on
November 28, 1941, filed a petition in the Saginaw
county probate court for an order requiring the bank
as trustee to make immediate delivery of all trust
assets then in possession of the bank due her. It
also appears that under the Federal court judgment
there was a provision for retention of the shares of
stock of C. K. Eddy & Sons until such expenses and
disbursements had been determined and paid. The
answer filed by the bank as trustee to the petition
of Mrs. Cleveland asserts:

"And respondent further says that it has filed
a report of its disbursements, as above provided
for, in said cause, and that objections have been
made to said report, and that the hearing thereon is
set for February 3, 1942, and that under and by vir-
tue of said paragraph it is entitled to retain the
aforesaid described shares of stock, being the one
sixth of the shares of stock to be eventually turned

over to Cynthia Mills Cleveland, until said amounts are paid out of the dividends due on the shares of stock eventually to be turned over to her, and that there has been reported disbursements in the amount of over $47,000 which, upon approval by said district court, will be payable out of the dividends due on said shares of stock, and that therefore your respondent under and by virtue of said judgment has the right to retain said shares of stock, hold the legal title thereto, vote the same and collect the dividends thereon until the aforesaid disbursements are paid by the said Cynthia Mills Cleveland.   *   *   *

"This respondent further shows that there are no costs or expenses arising out of said litigation or in said estate to be determined, fixed or apportioned by this court, the judgment of the United States district court aforesaid having determined that the said Cynthia Mills Cleveland should pay all of the costs and disbursements, including counsel and auditor's fees, of the said trustee, from the dividends paid on her share of the stock held by said trustee for her ultimate benefit, and that therefore this court would not order any expenses of this litigation to be paid by the trustee, the said district court having ordered the same paid by said Cynthia Mills Cleveland, excepting $1,000 paid by the charity trust.

"Further answering, this respondent shows that the probate court for the county of Saginaw is not the proper forum in any event in which to ask for the delivery of certain stock upon which the said trustee claims a lien, because in the event title or the right to possession becomes an issue in any contest brought in the probate court, under the Constitution and laws of this State the same must be tried in the circuit court of the county in which the parties or property is located, the probate court having no power to try the title to personal property or to the right to possession thereof, said power being vested in the circuit court alone."

The judge of probate of Saginaw county entered an order on January 22, 1942, which contained the following:

"And the court finding that said trustee is holding one sixth of the shares of stock of C. K. Eddy & Sons in its hands subject to the jurisdiction of the United States district court, eastern district of Michigan, northern division, in equity, by virtue of a certain judgment heretofore rendered on February 7, 1939, in case No. 540, paragraph 8 thereof, in part reading as follows:

" 'And said trustee under the 9th paragraph is authorized to retain said shares of stock, hold the legal title thereto, vote the same, and collect the dividends thereon until the aforesaid disbursements are paid.'

"And it further appearing that said district court has set February 3, 1942, as a date for hearing the petition of said trustee for fixing the amount of expenses to be charged against said stock; and the court further finding that this probate court has no jurisdiction in the premises;

"Therefore it is ordered, adjudged and decreed, and this court doth, by virtue of the statute in such case made and provided, order, adjudge and decree that said petition be and the same hereby is dismissed."

The above order was an adjudication that the probate court of Saginaw county could not order something done contrary to the unperformed provisions of the Federal court judgment. It was not an adjudication that the probate court could not hear other accounts of the bank as trustee.

In *Brooks* v. *Hargrave,* 179 Mich. 136, defendant was appointed and qualified as executor of the estate of Edward J. Hargrave. He filed an inventory and appraisal of the property of the estate, but was delinquent in filing his account as executor. Plaintiffs as heirs at law of deceased filed a bill in chancery

to compel the executor to give an accounting of the money and property as such executor. We there said, pp. 144–146:

"It is well established in this State that the probate court has exclusive jurisdiction of all matters relative to settlement of estates of deceased persons, except in cases where its remedies are inadequate.
* * *

"The rules which give chancery courts jurisdiction in matters of accounting as against courts of law are not applicable to the probate courts. It has been laid down as a general rule that courts of equity will not interfere with the proceedings of courts of special and peculiar jurisdiction created for particular purposes or with special and peculiar powers. * * *

"There can be no question that the probate court assumed jurisdiction of the subject-matter in controversy when the will was admitted to probate and the defendant qualified as executor. It does not lose jurisdiction until the estate is finally closed. Having assumed jurisdiction, it has exclusive jurisdiction and no other court, save an appellate one which subsequently assumed to act in the matter, should proceed further when the priority of jurisdiction is called to its attention."

In *Dodge* v. *Detroit Trust Company,* 300 Mich. 575, 610, we said:

"The United States supreme court is likewise firmly committed to the public policy favoring the plea of *res judicata.* In *Treinies* v. *Sunshine Mining Co.,* 308 U. S. 66, 78 (60 Sup. Ct. 44, 84 L. Ed. 85), the opinion closes with this summarizing paragraph:

" 'One trial of an issue is enough (*Baldwin* v. *Iowa State Traveling Men's Ass'n.,* 283 U. S. 522, 525 [51 Sup. Ct. 517, 75 L. Ed. 1244]). "The principles of *res judicata* apply to questions of jurisdiction as well as to other issues" (*American Surety Co.* v. *Baldwin,* 287 U. S. 156, 166 [53 Sup. Ct. 98, 77 L. Ed. 231, 86 A.L.R. 298]), as well to jurisdiction of the subject

matter as of the parties (*Stoll* v. *Gottlieb*, 305 U. S. 165, 172 [59 Sup. Ct. 134, 83 L. Ed. 104]).' "

The remedy for an unfavorable judgment in a probate court is by appeal to the circuit court of the same county. See Act No. 288, chap. 1, § 36, Pub. Acts 1939, as amended by Act No. 176, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 16289–1 [36], Stat. Ann. 1943 Rev. § 27.3178[36]). Moreover, where· there is another action pending between the parties for the same cause and such pendency is brought to the attention of the second court, the latter may not proceed further.

*In re Estate of Fraser,* 288 Mich. 392, we said:

"Courts are bound to take notice of the limits of their authority, and a court may, and should, on its own motion, though the question is not raised by the pleadings or by counsel, recognize its lack of jurisdiction and act accordingly by staying proceedings, dismissing the action, or otherwise disposing thereof, at any stage of the proceeding."

It follows that under the facts in this case the circuit court of Wayne county, in chancery, was without jurisdiction to hear and determine matters that could be heard and determined in the probate .court of Saginaw county or on appeal to the circuit court of Saginaw county and over which the probate court had assumed jurisdiction.

Having in mind that the circuit court of Wayne county, in chancery, was without jurisdiction to review an appeal from the probate court of Saginaw county to the circuit court of Saginaw county, we now arrive at the question of whether or not plaintiff is entitled to the writ of prohibition as prayed for in its petition.

The generally accepted rule is that the writ of prohibition is the appropriate remedy only where the court is acting entirely without jurisdiction or in

clear excess of its jurisdiction. See *Nichols v. Judge of Superior Court of Grand Rapids*, 130 Mich. 187; *Warnshuis v. State Board of Registration in Medicine*, 285 Mich. 699; *State Bar of Michigan v. Ingham Circuit Judge*, 307 Mich. 393.

In view of the fact that the trial court of Wayne county was in error in entertaining the bill of complaint filed by Mrs. Cleveland, the writ of prohibition will issue, without costs.

BUSHNELL, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.