## *In re* SWISHER'S ESTATE.

1. Guardian and Ward—Old Age—Mental Competency—Probate Court.

   A probate court may appoint a guardian of a person who by reason of old age is mentally incompetent to have the care, custody and management of such person's estate (Act No. 288, chap. 3, § 1, Pub. Acts 1939, as last amended by Act No. 358, Pub. Acts 1947).

2. Insane Persons—Mental Competency.

   A mentally incompetent person is one who is so affected mentally as to be deprived of sane and normal action.

3. Same—Old Age—Waste—Guardian.

   To authorize appointment of a guardian of one enfeebled by age, his debility must be such that he cannot intelligently direct the management of his affairs, as a result of which his estate might suffer loss or waste.

4. Guardian and Ward—Discharge—Nature of Review—Certiorari.

   The nature of the review by the Supreme Court of an order of the circuit court discharging a guardian of a person who had been declared mentally incompetent is by appeal in the nature of a writ of certiorari and in such cases the Supreme Court merely determines whether there is competent evidence to support the findings of fact made by the trial court.

---

References for Points in Headnotes

[1, 3, 5] 28 Am. Jur., Insane and Other Incompetent Persons, § 5.
[1, 3, 5] Mental condition which will justify the appointment of a guardian or committee of the estate as for an incompetent or spendthrift.   17 A.L.R. 1075; 113 A.L.R. 357.
[2] 28 Am. Jur., Insane and Other Incompetent Persons, § 2.
[4] 28 Am. Jur., Insane and Other Incompetent Persons, § 54.

5. SAME—STATUTES—OLD AGE.

The statute authorizing the appointment of a guardian for a person due to old age does not deal with physical infirmity (Act No. 288, chap. 3, § 1, Pub. Acts 1939, as last amended by Act No. 358, Pub. Acts 1947).

6. SAME—DISCHARGE—EVIDENCE OF MENTAL COMPETENCY.

Competent evidence presented at hearing on petition for discharge of guardian for person who had previously been declared mentally incompetent *held,* sufficient to permit the trial court to find that the ward was then competent to handle her business affairs.

7. APPEAL AND ERROR—ERROR IN PROBATE COURT—CIRCUIT COURT—SUPREME COURT.

Fact that probate court, at hearing on ward's petition to have, guardian discharged, committed error in refusing to hear witness produced by the guardian, did not affect appeal to Supreme Court, where there was no claim of like error in the circuit court.

Appeal from Cass; Sweet (Lucien F.), J., presiding. Submitted April 8, 1949. (Docket No. 42, Calendar No. 44,354.) Decided May 18, 1949.

In the matter of the estates of Ida M. Swisher, mental incompetent and insane. On petition of Ida M. Swisher, to have appointment of guardian set aside and proceedings dismissed. Petition allowed. Carl H. Barrett, guardian, appeals to circuit court. Affirmed. Guardian appeals. Affirmed.

*Leo W. Hoffman,* for guardian.

*Burns & Hadsell,* for Ida M. Swisher.

SHARPE, C. J. This is a companion case to *Barrett* v. *Swisher, ante,* 638, handed down herewith. By stipulation both cases were appealed on one record. In addition to the facts mentioned in *Barrett* v. *Swisher,* the following facts are necessary to a decision.

On May 8, 1947, Carl Barrett filed a petition in the probate court of Cass county alleging that his mother, Ida M. Swisher, was mentally incompetent to have charge, custody, and management of her person and estate and prayed for the appointment of a guardian. On May 24, 1947, the probate court entered an order finding that Ida M. Swisher was mentally incompetent and appointed Carl Barrett guardian of her person and estate. On June 23, 1947, Carl Barrett filed another petition in the probate court alleging that his mother, Ida M. Swisher, was an unbalanced person and in need of treatment and prayed that Ida M. Swisher be admitted to Kalamazoo State Hospital as a private patient. On August 6, 1947, Neil Swisher filed an intervening petition in the probate proceedings alleging that Ida M. Swisher was mentally competent, was not insane and did not need a guardian. On August 12, 1947, Carl Barrett filed an answer to the intervening petition, denying all allegations therein except that Neil Swisher was an interested party and made no objection to his intervention.

On August 14, 1947, after a contested hearing, the court adjudged Ida M. Swisher insane and ordered that she be admitted to the Kalamazoo State Hospital as a private patient.

Shortly after the above order was made, a petition was circulated in the city of Dowagiac alleging that Ida M. Swisher appeared to be competent to take care of herself and requesting the probate judge to reopen the case. This petition was filed in the probate court on August 22, 1947. On September 24, 1947, Ida M. Swisher filed her petition in the probate court alleging that proceedings in said court insofar as they related to her sanity were a fraud on her; that she was mentally competent and prayed for a rehearing. On September 28, 1947, Carl Barrett filed an answer to the above petition in which

he denied that Ida M. Swisher was mentally competent or that she was the victim of fraud. A rehearing was had and at the hearing the probate judge refused to allow Dr. McCarthy, a witness produced by Carl Barrett, to testify and also refused to allow two physicians selected by Carl Barrett to examine Ida M. Swisher. An order was entered finding that Ida M. Swisher was mentally competent and ordering the discharge of Carl Barrett as her guardian.

Carl Barrett filed an appeal from the order of the probate court. By stipulation the appeal from the probate order and the chancery suit were consolidated insofar as the introduction of testimony was concerned, but separate judgments and decrees were to be entered. One trial was had and on June 8, 1948, the trial court filed an opinion finding that at the time of the trial Ida M. Swisher was mentally competent and entered judgment dismissing the guardian's appeal.

Carl Barrett appeals from the judgment of the trial court and urges that Ida M. Swisher was mentally incompetent within the meaning of Act No. 288, chap. 3, § 1, Pub. Acts 1939, as last amended by Act No. 358, Pub. Acts 1947 * (Stat. Ann. 1947 Cum. Supp. § 27.3178 [201]), which provides:

"The judge of probate in each county may, in all proper cases, appoint guardians of inhabitants or residents in his county  *  *  *  as follows:
"4. Of all persons who are insane, imbecile, idiotic, or who by reason of old age or disease are mentally incompetent to have the care, custody and management of their estate."

In Re Johnson's Estate, 286 Mich. 213, 220, we had occasion to define who is mentally incompetent within the meaning of the above statute. We there said:

---

* 4 Comp. Laws 1948, § 703.1.—Reporter.

"A mentally incompetent person is one who is so affected mentally as to be deprived of sane and normal action. A person may be incapable of conducting his business successfully and still not be mentally incompetent. *Henderson* v. *Henderson,* 206 Mich. 36. To authorize appointment of guardian of one enfeebled by age, his debility must be such that he cannot intelligently *direct* the management of his affairs, as a result of which his estate might suffer loss or waste. *McGuire* v. *Moorehead,* 151 Iowa, 25 (130 N. W. 140)."

The nature of the review before us is by appeal in the nature of a writ of certiorari. See *Goss* v. *Stone,* 63 Mich. 319, and *In re Johnson's Estate, supra.* In such cases we determine whether there is competent evidence to support the findings of fact made by the trial court.

In reviewing the record we find that much of the testimony concerning failure to remember and other attributes of senile dementia covered the period from February to May, 1947, during which time Ida M. Swisher was confined to her bed as a result of the accident and possibly a slight stroke of paralysis. However, in September, 1947 at the time an order was entered in the probate court declaring Ida M. Swisher sane and in April, 1948, when the cause was heard in the circuit court, her condition seems to have improved considerably.

There is a conflict in the evidence as to her mental and physical condition from February, 1947 to April, 1948, some of which pertains to her inability to physically care for herself. However, it should be noted that the statute in question does not deal with physical infirmity. In our opinion there is competent evidence from which the trial court could find that at the time of the trial in the circuit court Mrs. Swisher was mentally competent to handle her business affairs.

We note that during the hearing in the probate court, the judge of probate refused to allow Dr. McCarthy, a witness produced by Carl Barrett, to testify. We think the probate judge was in error in refusing to hear this witness, however, there is no claim of error of a like nature in the trial in the circuit court, hence, such error does not affect an appeal from the circuit court to the Supreme Court.

The order of the trial court is affirmed, with costs to appellee.

BUSHNELL, REID, BUTZEL, and CARR, JJ., concurred with SHARPE, C. J.

BOYLES, NORTH, and DETHMERS, JJ., concurred in the result.