## WITT *v.* TOURN-A-GRIP COMPANY.

1. EQUITY—MOTION TO DISMISS—PLEADING.
   Well-pleaded facts in a bill of complaint must be accepted as true on a defendant's motion to dismiss.

2. CONSPIRACY—PLEADING.
   Allegation that defendants conspired to deprive plaintiff of the fruits of his unpatented invention *held,* unsupported by allegations of fact supporting conclusion that defendants were guilty of conspiracy.

3. EQUITY—ADEQUACY OF REMEDY AT LAW—INJUNCTION—DAMAGES.
   Bill alleging that plaintiff invented and perfected an unpatented portable core and core pin and that he manufactured, at cost, 2 die molds in which they were used in manufacturing fishing rod handles for defendants pursuant to a contract under which he was thereafter to manufacture the handles at a stipulated price and seeking to restrain them from using the die molds which had been seized in replevin proceedings and to pay plaintiff for the damages sustained by him by reason of the defendants' use of the die molds, failed to state a case for equitable relief, the remedy at law for damages for breach of contract being complete and adequate.

REFERENCES FOR POINTS IN HEADNOTES
[1] 19 Am Jur, Equity, § 316.
[3, 4, 6] 28 Am Jur, Injunction, §§ 37, 39.
[5] 46 Am Jur, Replevin, § 86.

4. SAME—ADEQUACY OF REMEDY AT LAW—REPLEVIN BOND.

> Relegation of plaintiff to his remedy at law in replevin proceedings for breach of contract involved is not futile, where defendants herein had filed a bond for $4,800 incident to obtaining possession of certain property the use of which was essential to performance of the contract.

5. REPLEVIN—BONDS—REPOSSESSION BY DEFENDANT.

> A defendant in a replevin action may file a statutory bond and repossess himself of the property seized under the writ (CL 1948, § 627.1 *et seq.*).

6. INJUNCTION—BREACH OF CONTRACT—ADEQUACY OF REMEDY AT LAW.

> Injunction will not issue to prevent breach of contract, where there is an adequate and complete remedy at law.

7. TRIAL—LAW ACTION—JURY TRIAL.

> Law actions must be brought on the law side of the court where the parties may have the benefit of a trial by jury.

Appeal from Macomb; Noe (Alton H.), J. Submitted January 4, 1951. (Docket No. 52, Calendar No. 44,963.) Decided April 3, 1951.

Bill by Paul A. Witt, individually and doing business as Witt Machine Company, against Tourn-A-Grip Company, a Michigan corporation, and others to restrain manufacture of castings and for an accounting. Bill dismissed on motion. Plaintiff appeals. Affirmed.

*Riseman, Lemke & Piotrowski,* for plaintiff.

*Marshall E. Smith (William John Beer,* of counsel), for defendants.

NORTH, J. In this suit plaintiff seeks injunctive relief against defendants and an accounting. Defendants answered and simultaneously filed a motion for dismissal of the bill of complaint. The motion was granted by the circuit judge on the grounds "that said bill of complaint does not allege an equitable cause of action, and that said bill of complaint sounds

in damages only and that plaintiff has an adequate remedy at law." Plaintiff has appealed.

On defendants' motion to dismiss well-pleaded facts in the bill of complaint must be accepted as true. Accepting such allegations as true, the facts presented by the bill of complaint may be summarized as follows:

Plaintiff invented and perfected a portable core and core pin. He did not apply for a patent thereon. For a consideration of $1,200 paid by defendants, plaintiff made for defendants 2 die molds in which the portable core and core pin were used by plaintiff in casting fishing rod handles for defendants at a stipulated price. The parties agreed that plaintiff would manufacture the 2 die molds at cost, which he did, conditioned upon his retaining possession of them for use by him in manufacturing at the stipulated price fishing rod handle castings exclusively for defendants. Plaintiff does not allege that he is the owner of the 2 die molds but only that it was agreed he would retain possession of them. Plaintiff "did produce a large number of * * * fishing rod handles for defendants at the agreed price." Defendants became dissatisfied with the price they were paying plaintiff for the handles. They obtained possession of the 2 die molds by means of a replevin suit, which plaintiff herein states in his brief filed December 6, 1950, had not been determined. Plaintiffs in the replevin suit filed a bond in the amount of $4,800. After obtaining possession of the die molds defendants herein used them in manufacturing the fishing rod handles, and at a much lower cost to themselves. Plaintiff alleges he was thereby deprived of "the fruits of his invention," and caused to suffer irreparable loss.

Plaintiff seeks to label defendants' conduct in obtaining possession of the die molds a "conspiracy," but no facts are alleged which would support a conclusion that defendants were guilty of a conspiracy. The temporary injunctive relief sought by plaintiff is that defendants "be restrained from manufacturing any castings by means of the use of the die molds seized from the plaintiff by reason of replevin proceedings;" and a permanent injunction "restraining the defendants from using such die molds for any industrial purpose whatsoever." Further, an accounting "to pay to the plaintiff for damages sustained by him by reason of the use of such die molds" is sought.

We agree with the circuit judge that, under the facts as alleged in the bill of complaint, if plaintiff has a cause of action against defendants, he has a complete and adequate remedy at law for damages resulting from a breach of an alleged contract. In the pending replevin suit, if plaintiff's claim in this equity case is meritorious, he could recover any damages sustained by him in consequence of defendants having brought that suit, or in consequence of defendants having used the die molds. Obviously a judgment for damages recovered by defendant in the replevin suit would not be futile, because plaintiffs in that suit filed a bond in the amount of $4,800, twice the appraised value of the 2 die molds. And further, as providing plaintiff herein with an adequate remedy on the law side of the court, he might have filed a bond in the replevin suit and thereby repossessed himself of the 2 die molds taken from him. CL 1948, § 627.1 *et seq.* (Stat Ann § 27.1813 *et seq.*). See, also, *Burt* v. *Burt,* 41 Mich 82; *Lindsay* v. *Morse,* 129 Mich 350; *United Shoe Repairing Machine Co.* v. *Kowalsky,* 229 Mich 97.

We are not in accord with plaintiff's contention that: "The case of *Lewis J. Selznick Enterprises* v.

*Harry I. Garson Productions,* 202 Mich 111, is directly in point," and supports plaintiff's position herein. In the cited case, unlike the instant case in which fraud is not alleged, a reason stated by the Court for its holding was: "Where, as in the case at bar, fraud is charged, equity may assume jurisdiction even though plaintiff may have a remedy at law." Further, it was the plaintiffs in the cited equity case who had previously instituted the replevin suit. And, a matter of greater importance, the facts alleged in the *Selznick Case* in support of the plaintiffs' allegation of " 'irreparable injury to plaintiffs which cannot be adequately compensated for in damages' " are materially different in their apparent support of plaintiffs' allegation of irreparable injury or damage than those in the instant case. In the instant case it might well be said, as was stated by the Court in *Terranova v. Cottrell Block Construction Co.,* 302 Mich 417, 423: "It is the rule in Michigan that where there is an adequate and complete remedy at law injunction will not issue to prevent breach of contract."

. And in *Michigan Bean Co.* v. *Burrell Engineering & Construction Co.,* 306 Mich 420, we said:

"In this State, law actions must be brought on the law side of the court where the parties may have the benefit of a trial by jury. We have steadfastly adhered to the rule that plaintiff is not entitled to equitable relief when he has an adequate remedy at law and no ground for such relief is disclosed by the proofs. (Citing numerous cases.)"

In the instant case plaintiff has a complete and adequate remedy at law. The decree dismissing his bill of complaint is affirmed. Appellees may have costs.

REID, C. J., and BOYLES, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.