EMERSON *v.* EMERSON.

1. Appeal and Error—Pleading—Motion to Dismiss.

All well-pleaded facts contained in a bill of complaint are accepted by the Supreme Court as true, when reviewing order entered on motion to dismiss on ground that it failed to state a cause of action.

2. Guardian and Ward—Jurisdiction of Probate Court—Evidence.

The probate court had jurisdiction of the person and the subject matter in a commitment proceeding and authority to enter the guardianship order, where entered at a hearing at which testimony bearing on competence was taken (CL 1948, §§ 701.19, 703.1).

3. Same—Probate Court—Circuit Court of Another County—Collateral Attack.

Bill of complaint, filed in Kalamazoo county, to set aside regularly entered and unappealed order of Kent county probate court appointing guardian for plaintiff, *held*, to have failed to show lack of jurisdiction in Kent probate court and, where no fraud was alleged, not subject to collateral attack in Kalamazoo county (CL 1948, §§ 701.19, 703.1).

4. Judgment—Probate Court Orders—Res Judicata—Collateral Attack.

Probate court orders, regularly entered and unappealed, are *res judicata* as to the issues there disposed of and, generally, are not subject to collateral attack.

References for Points in Headnotes
[1] 3 Am Jur, Appeal and Error § 852.
[2, 3, 6] 25 Am Jur, Guardian and Ward § 23.
[4] 30A Am Jur, Judgments § 846.
[5] 25 Am Jur, Guardian and Ward § 56.

5. GUARDIAN AND WARD—ORDER OF APPOINTMENT—ADEQUACY OF REMEDY AT LAW—EQUITY.

 A ward has an adequate remedy at law in a petition for discharge of his guardian, hence, a bill to set aside order of appointment would not lie, especially in another county, where no fraud is alleged and no lack of jurisdiction of the probate court to enter such order shown (CL 1948, §§ 701.19, 703.1, 703.23).

6. SAME—PROBATE COURT—JURISDICTION—DISCHARGE—APPEAL.

 The probate court of a county which has assumed jurisdiction of the subject matter in a guardianship proceeding retains it until the guardianship is terminated, including hearing the petition for discharge of the guardian, as to which there are full rights of appeal in the event of any abuse of the probate court's discretion (CL 1948, §§ 701.19, 701.21, 701.36 *et seq.*; 703.1, 703.23).

Appeal from Kalamazoo; Sweet (Lucien F.), J. Submitted June 3, 1958. (Docket No. 2, Calendar No. 47,578.) Decided September 10, 1958.

Bill by John H. Emerson, by Edward Kenney, next friend, against Jack R. Emerson to void probate court order naming guardian and for accounting. Bill dismissed on motion. Plaintiff appeals. Affirmed.

*Edward Kenney,* for plaintiff.

*Walsh, Levandoski & Mitus,* for defendant.

EDWARDS, J. This proceeding is a collateral attack in chancery in the circuit court for Kalamazoo county upon a guardianship order entered in the probate court for the county of Kent.

The circuit judge dismissed the bill of complaint holding that it failed to state a cause of action. In our review, we accept as true all well-pleaded facts contained therein. *Schantz* v. *Ruehs,* 348 Mich 680; *Witt* v. *Tourn-A-Grip Co.,* 330 Mich 151; *Stone* v. *Yost,* 319 Mich 323.

These allegations include the following:

On October 21, 1955, plaintiff was committed to

the Kalamazoo State hospital by an order of admission signed by the judge of probate of the county of Kent. Thereafter and on November 8, 1955, the probate court for the county of Kent determined the plaintiff to be mentally incompetent, and appointed plaintiff's son, the defendant here, guardian both of the person and of the estate of the plaintiff.

In subsequent habeas corpus proceedings in the circuit court of Kalamazoo county the order of commitment of October 21, 1955, was declared to be void.

In the instant suit, also brought in the circuit court for Kalamazoo county, plaintiff prays that the court decree that the order appointing the defendant Emerson as guardian on November 8, 1955, is void, and that such order should be vacated and set aside. The plaintiff also prays that the defendants be directed to render an accounting to the plaintiff.

The plaintiff claims present residence in Kalamazoo and asserts a strong distaste for litigating in Kent county.

Additionally, it should be stated that plaintiff attaches to his bill of complaint a portion of the transcript of testimony of defendant Jack R. Emerson at the guardianship hearing before the Kent county probate judge in which Emerson said that he had seen his father twice since his commitment to the hospital, that he was quieter, but that he still talked irrationally.

The circuit judge who dismissed this appeal did so on the following grounds:

"It is my opinion that the amended bill of complaint falls short of stating a cause of action.

"It is my further opinion after a careful consideration of this matter and listening to the arguments of counsel and considering the briefs filed that there can be no question but that the plaintiff has an adequate remedy at law and does not need to resort

to a chancery action in this court to have his rights accorded him.

"It is my further considered opinion that he fails to plead or show that he will suffer any loss. It should be noted in this regard that in the order which he attacks the guardian is required to file a bond in the amount of $10,000. He is amply protected from any wrongful actions that he may suffer at the hands of his guardian. I am firmly convinced that this court has no jurisdiction in this action in this circuit to review the order of the probate court for the county of Kent determining the plaintiff to be incompetent and appointing on his behalf a guardian.   *   *   *   The order appointing the guardian does not appear on the face of the pleading to be irregular, void or otherwise improper. If the plaintiff has an action, his entire action is based upon an allegedly void or improper order adjudging him to be incompetent and his pleading with the documents attached thereto indicate a proper order rather than an improper order. There would appear to be a basis for the order made by the probate court that the plaintiff is incompetent. It would appear that he took testimony."

This Court had occasion recently to affirm dismissal of a bill of complaint stating a somewhat similar situation in *Schantz* v. *Ruehs, supra.* It should be noted that in the *Schantz Case* the commitment order had not been, as here, successfully attacked in habeas corpus proceedings. In the instant proceedings, however, the bill of complaint and exhibits attached show that the guardianship order was regular on its face, and was entered at a hearing where testimony bearing on competence was taken. From what has been said to this point, it is obvious that the probate court of Kent county had jurisdiction of the person and the subject matter, and authority to enter the guardianship order. CL 1948, § 701.19 (Stat Ann 1943 Rev § 27.3178

[19]); CL 1948, § 703.1 (Stat Ann 1957 Cum Supp § 27.3178[201]).

Appellant relies upon certain cases wherein chancery courts have set aside orders of the probate courts, held void for lack of jurisdiction or fraud. *Prince* v. *Clark,* 81 Mich 167; *Lothrop* v. *Duffield,* 134 Mich 485; *Babcock* v. *Babcock,* 150 Mich 558. The answer to this contention is, of course, that the circuit judge in this instance (and we think properly) held that the bill of complaint made no showing that the probate court order was void. The probate court had jurisdiction, and no fraud is alleged.

Probate court orders, regularly entered and unappealed, are *res judicata* as to the issues there disposed of. Such orders, generally, are not subject to collateral attack. *Chapin* v. *Chapin,* 229 Mich 515; *Snyder* v. *Potter,* 328 Mich 236; *Burnett* v. *Goodyear,* 329 Mich 214.

Further, plaintiff has an adequate remedy at law in a petition for discharge of the guardian. CL 1948, § 703.23 (Stat Ann 1943 Rev § 27.3178[223]); *In re Swisher's Estate,* 324 Mich 643.

The probate court of Kent county having assumed jurisdiction of the subject matter in controversy retains it until the guardianship is terminated. CL 1948, § 701.21 (Stat Ann 1943 Rev § 27.3178[21]): *Schultz* v. *Carlson,* 313 Mich 432; *Second National Bank & Trust Co.* v. *Wayne Circuit Judge,* 321 Mich 28; 1 Callaghan's Michigan Pleading and Practice, § 14.21. This includes hearing the petition for discharge of the guardian. Full rights of appeal are provided in the event of any abuse of the probate court's discretion. CL 1948, § 701.36 *et seq.* (Stat Ann 1943 Rev § 27.3178[36] *et seq.*).

Affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred.